SCANNED  SCANNED

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

U.S. DISTRICT COURT
PORTLAND, MAINE
RECEIVED AND FILED

2006 MAY 12 P 12: 40

DEPUTY C

| | |
|---|---|
| United States of America | ) |
| | ) |
| v. | ) Civil No. 05-233-P-S |
| | ) |
| Elizabeth Ann Yelle | ) |

## JUDGMENT OF FORECLOSURE AND SALE

This action having been brought to recover a sum certain, to wit, the balance due on an assumption agreement, promissory note and mortgage, and defendant, Elizabeth Ann Yelle having been defaulted; and it appearing that there is no genuine issue as to any material fact; and that the United States of America, plaintiff herein, is entitled to such judgment on the complaint; and it appearing from the Declaration of Kimberley P. Meikle that Elizabeth Ann Yelle is neither an infant nor incompetent, nor in the military service of the United States, and the total amount due to the United States, Rural Development is $82,174.77 together with interest and costs; now upon Plaintiff's Motion for Default Judgment, it is:

ORDERED, ADJUDGED, AND DECREED that:

1. Motion for Default Judgment as to defendant, Elizabeth Ann Yelle is granted for the plaintiff.

2. Elizabeth Ann Yelle have breached the conditions of plaintiff's mortgages.

3. The real property, which is the subject of this action and judgment, is as described in the complaint and as described in a real estate mortgages executed by Elizabeth Ann Yelle and recorded in the York County Registry of Deeds in Book 2064, Page 217 and Book 3019, Page 172.

4. There is due the United States, Rural Housing Service the sum of $18,951.26 in principal, together with total subsidy granted in the amount of $60,077.48, together with $3,146.03 in interest as of October 26, 2005, for a total of $82,174.77, plus interest accruing thereafter to the date of judgment at the rate of $5.7545 per day, plus any advances made thereafter under the terms of the mortgages, plus costs.

5. If Elizabeth Ann Yelle, her successors, heirs, or assigns do not pay the plaintiff the amount adjudged to be due herein within one year from the date of this Order, a representative of the Rural Housing Service, Department of Agriculture, on behalf of the plaintiff, shall sell the mortgaged real property at public sale pursuant to the requirements of 28 U.S.C. Section 2001, 2002, and 2004, 14 M.R.S.A. Sections 6323, 6324, and this judgment. Notice of said sale shall be given by publishing a Notice of Sale, in a newspaper of general circulation in York County, Maine, once a week for four (4) weeks. Such notice will not be published until after the expiration of the redemption period, but not later than 90 days after the expiration of the redemption period. This sale shall be held not less than thirty (30) days nor more than forty-five (45) days from the date of first publication.

6. Elizabeth Ann Yelle shall deliver possession of the real property to plaintiff within ten (10) days after the foreclosure sale.

7. The mortgagee, in its sole discretion, may allow the mortgagor to redeem or reinstate the loan after the expiration of the period of redemption but before the public sale. The mortgagee may convey the property to the mortgagor (redemption) or

execute a waiver of foreclosure (reinstatement) and all other rights of all other parties shall remain as if no foreclosure had been commenced.

8. The plaintiff may bid at the foreclosure sale. If it is the successful bidder, it need not remit any funds to the Marshal provided its bid does not exceed the amount due on its mortgage, security agreements, costs of this action, and the expenses of sale. The Marshal shall then deliver a deed conveying the mortgaged premises to the purchaser on behalf of the plaintiff. Such deed shall convey the premises free and clear of all interests of Elizabeth Ann Yelle, and any person who may have acquired an interest in the premises after the time that the Court's Certificate with respect to this action was filed in the York County Registry of Deeds. Thereafter, every person shall be forever barred and foreclosed of all rights, claims, liens, and equity of redemption in the mortgaged real property.

9. If someone other than the plaintiff is the successful purchaser, the buyer will be responsible for any real estate taxes, assessments, water or sewer rents which may be due with respect to the mortgaged premises. From the proceeds of the sale of the real property, the Marshal shall first pay all costs including the costs and expenses of sale; he shall then pay the United States, Rural Housing Service the principal amount due on its mortgage of $18,951.26, together with total subsidy granted in the amount of $60,077.48, plus interest in the amount of $3,146.03 through October 26, 2005, for a total of $82,174.77, plus interest from that date through the date of judgment at the per diem rate of $5.7545, plus any advances made thereafter under the terms of the mortgage and costs, plus interest at the legal rate from the date of judgment to the date

of sale and costs of suit. If after payment of Rural Housing Service, there is some surplus funds, those funds would next be paid to U.S. Department of Housing & Urban Development for the amount owed on a mortgage dated July 1, 1993 and recorded in the York County Registry of Deeds by Assignment in Book 9159, Page 110. There being no other parties that have appeared in this action, any surplusage shall then be remitted to Elizabeth Ann Yelle.

10. A Report of Sale and Disbursement of any proceeds therefrom shall be filed with the Clerk. If the plaintiff is the successful purchaser, the report shall indicate the amount of its bid which shall be credited against the amount due under its mortgages and security agreement.

George Z. Singal
Chief U.S. District Court Judge

Dated at Portland, Maine this 12th day of May, 2006.

-4-